# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2014

Lyle W. Cayce
Clerk

CARRY AMOS,

Plaintiff-Appellant

v.

CITY OF MONROE,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-911

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Carry Amos, a long-time employee in the Trash Division of Defendant-Appellee City of Monroe (the "City"), brought suit in the district court after the City failed to promote him from Operator II to Trash Superintendent. Amos asserted claims for breach of contract and violation of his constitutional right to substantive due process. Following cross motions for summary judgment filed by the parties, the district court denied Amos's motion and granted the City's motion in part by dismissing Amos's action with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30780

prejudice, but the court denied the part of the City's summary judgment motion that sought attorneys fees. We affirm for essentially the same reasons patiently and logically set forth in the court's Ruling of May 21, 2014.

As emphasized by the district court, this is not an employment discrimination case. Rather, it is a straightforward breach of contract action arising under the Collective Bargaining Agreement ("CBA") between the City and Local 2388 of the American Federation of State, County, and Municipal Workers (the "Union") of which Amos was a member at all relevant times.

After the City noticed a job opening for the position of Trash Superintendent, which specified, *inter alia*, that current employees of the City would be given ten working days to fill the position before it would be opened to the public, Amos and one other City employee, Tommy Landers, applied for the position. At that time, Amos had been an employee of the City for twelve years and Landers for two years. The City's Sanitation Superintendent, Don Hopkins, eventually selected Landers for the position. Amos proceeded through all steps of the CBA's specified grievance procedure without success, then brought this action.

The parties filed competing motions for summary judgment on the same day in February 2014. Amos asserted in his motion that, as a matter of law, he was qualified for the position and had worked for the City continuously for much longer than had Landers, so the City violated the CBA in promoting Landers over Amos and was arbitrary and capricious in so doing. The City's motion pleaded that, as a matter of law, (1) it did not breach the CBA in failing to promote Amos, (2) Amos had failed to state a substantive due process claim, and (3) the City is entitled to attorneys fees under 42 U.S.C. §1988(b). Following various filings by the parties in March and April of 2014, the court

2

No. 14-30780

ruled as earlier stated.  Amos appeals the dismissal of his suit with prejudice and the City appeals the denial of attorneys fees.

I.

BREACH OF CONTRACT

The record on appeal reflects Amos's lengthy history of warnings and reprimands for excessive absenteeism—79 days in 2006, 85 days in 2007 and 41 days in 2010—as well as disciplinary actions for failure to follow job instructions and disputes regarding whether he was required to work overtime.  In the end, the City's mayor suspended Amos for a week without pay instead of firing him as recommended.  It is within the framework of Amos's job history that he was not chosen for the position of Trash Superintendent.

The district court properly applied Louisiana contract law in deciding the competing claims of the parties rather than deciding the case under the Labor Management Relations Act ("LMRA") as urged by Amos.  The court noted that the LMRA exempts states and their political subdivisions, such as the City, from the reach of that Act.

Turning to the CBA, the Court's analysis focused on provisions that entitle the City (1) to "hire, promote, classify" any employee "without negotiations" and (2) to "fill the opening by promoting from among the qualified applicants the employee with the longest continuous service."  None contests that Amos's continuous service was much longer than Landers's, so the court's rejection of Amos's claim for breach of the CBA turns on the term "qualified applicants."  As carefully and correctly analyzed by the district court, the implicit determination by the City's Sanitation Superintendent that Amos was

not a "qualified" applicant for the position of Trash Superintendent survives Amos's arguments and carries the day.

We agree with the court that the City was "not restricted to the 'Minimum Qualifications' and 'Examples of Duties' [described in the job opening notice] when determining whether an applicant is qualified." We also agree that the list entitled "Examples of Duties" is not an exclusive list of all duties, just as the list of "Minimum Qualifications" is not an exclusive list of qualifications for the job. Hopkins was well within his authority to consider "Amos' initiative, leadership qualities, work history, disciplinary record, absenteeism, a perceived failure to 'step-up' and statements concerning working alone as well as those on the non-exclusive list." And, Hopkins acted well within his discretion in concluding that Amos was not qualified for the job at issue, rendering the length of his service irrelevant. As the court stated: "Thus, Article VII's seniority provision was not applicable, and the City did not breach the CBA."

## II.

## SUBSTANTIVE DUE PROCESS

The failure of Amos's breach of contract claim and his concomitant failure to show that the City was arbitrary and capricious in that regard eliminates any possibility of success on his substantive due process claim. The court correctly rejected Amos's constitutional claim.

No. 14-30780

III.

ATTORNEYS FEES

The district court did not abuse its discretion in determining that Amos's action was not frivolous. It therefore did not err in denying the City's claim for attorneys fees under 42 U.S.C. §1988(b).

Accordingly, the May 21, 2014 Judgment of the district court dismissing Amos's lawsuit with prejudice and denying attorneys fees to the City is, in all respects,

AFFIRMED.